IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANKIE ROSALES NEVAREZ,

        Plaintiff,

v.                                        CIV No. 15-0020 LAM

NANCY A. BERRYHILL, Acting Commissioner
of the Social Security Administration,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SECTION 406(b) FEES

THIS MATTER is before the Court on Plaintiff's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum* (Doc. 32) (hereinafter "motion"), filed December 8, 2016, requesting attorney fees in the amount of $8,103.75.  On December 27, 2016, Defendant filed a response to the motion, stating that "the Commissioner is not a party to § 406(b) fee awards and generally takes no position on such petitions. However, to the extent the Court requires a response, the Commissioner has no objection to the petition in this case."   [*Doc. 33* at 1].   Plaintiff did not file a reply to Defendant's response and, on January 5, 2017, filed a notice that briefing of the motion was complete.  [*Doc. 34*]. Having considered the motion, response, relevant law, the record in this case, and being otherwise fully advised, the Court finds that the motion should be **GRANTED**.

Plaintiff filed his complaint in this action on January 9, 2015 (*Doc. 1*) and his motion to reverse and remand (*Doc. 19*) on August 25, 2015.  After two extensions of the time to file a response to the motion to remand (*Docs.  21, 24*), Defendant instead filed an unopposed motion to

remand on December 16, 2015 (*Doc. 25*).   Defendant's motion was granted by this Court on January 5, 2016.   [*Doc. 26*].   On March 25, 2016, the Court granted Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter, "EAJA"), in the amount of $4,143.52.   [*Doc. 31*].   On June 21, 2016, Plaintiff received a fully favorable decision from the Social Security Administration (hereinafter, "SSA").   [*Doc. 32-1* at 1].   A September 4, 2016 "Notice of Award" states that Plaintiff would be paid disability benefits from October 2011, forward.   *Id.* at 15.   The notice also indicated that the SSA withheld $14,103.75, or 25%, from Plaintiff's past due benefits of $56,415.00 to pay Plaintiff's counsel. *Id.*

Plaintiff's counsel states that, pursuant to a prior fee agreement with Plaintiff, he has already been awarded a fee in the amount of $6,000.00 by the SSA for time spent handling Plaintiff's case before the agency, pursuant to 42 U.S.C. § 406(a).   [*Doc. 32* at 5].   Therefore, pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel requests attorney's fees in the amount of $8,103.75 for time spent representing Plaintiff before this Court.   *Id.*   Together, the two fee awards equal 25% of the $56,415.00 of past-due benefits awarded to Plaintiff by the SSA.

Plaintiff's counsel is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 406(b) even though Plaintiff's past-due benefits were obtained following remand to the Commissioner. *See McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006) ("[W]hen the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits[,] [w]e conclude that § 406(b)(1) does permit an award of counsel fees under these circumstances[.]").   The Court must ensure that the attorney's fees awarded to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b)(1) are reasonable.   *See Wrenn v. Astrue*, 525 F.3d 931, 938 (10th Cir. 2008).   Additionally, an

attorney's fee award under Section 406(b) for court representation may not exceed twenty five percent of the past-due benefits awarded to Plaintiff, payable "out of, and not in addition to, the amount of such past-due benefits."  *See* 42 U.S.C. § 406(b)(1)(A).

Here, the parties state that the amount of the fee award sought by Plaintiff's counsel under Section 406(b), *i.e.*, $8,103.75, does not exceed twenty-five percent of the past-due benefits awarded to Plaintiff.  *See* [*Doc. 33* at 3] and [*Doc. 34* at 4].   The record indicates that Plaintiff's counsel provided quality representation to Plaintiff and was not responsible for any delay in the resolution of this matter, and that Plaintiff's counsel expended at least 22.04 hours representing Plaintiff before this Court.  *See* [*Doc. 32-1* at 20].   The record further indicates that Plaintiff and his counsel entered into a contingent fee agreement that provides that the attorney's fees for Plaintiff's counsel would be twenty-five percent (25%) of any past-due benefits awarded either by the Court or by the SSA following remand by the Court.  *Id.* at 21.   The Court finds that the amount of past-due benefits awarded to Plaintiff was not so large in comparison to the time expended by his counsel as to require a further reduction of fees.   *See Gisbrecht*, 535 U.S. at 808 (explaining that the court should consider whether "the benefits are large in comparison to the amount of time counsel spent on the case").   In addition, the Court finds that there has been no undue delay in the filing of this motion for Section 406(b)(1) fees and it was filed within a reasonable time after the Commissioner's decision awarding past-due benefits.  *See McGraw*, 450 F.3d at 505 ("A motion for award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits.") (citation omitted).   The Commissioner's decision awarding past-due benefits was issued September 4, 2016, and this motion was filed December 8, 2016, which the Court finds reasonable.  *See id.* (stating that decisions on motions for Section 406(b) fees "are committed to the district court's sound

discretion") (citation omitted); *see also Early v. Astrue,* No. 07-6294, 295 Fed. Appx. 916, 918-19, 2008 WL 4492602 (10th Cir. Oct. 8, 2008) (unpublished) (upholding the district court's decision that a fifteen-month delay in filing a motion for Section 406(b) fees after the Commissioner's decision awarding past-due benefits was unreasonable).

Finally, the Court finds that the attorney's fees in the amount of $8,103.75 requested by Plaintiff's counsel pursuant to 42 U.S.C. § 406(b) are reasonable. Because the amount of the attorney's fees awarded Plaintiff pursuant to the EAJA, *i.e.*, $4,143.52, was smaller than the amount of the attorney's fees to be awarded Plaintiff's counsel pursuant to 42 U.S.C. § 406(b), *i.e.*, $8,103.75, the amount of the EAJA fees must be refunded to Plaintiff. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'").

**IT IS THEREFORE ORDERED** that Plaintiff's ***Motion for Attorney Fees (Doc. 32)*** be **GRANTED** and Plaintiff's counsel be awarded attorney's fees in this matter in the amount of **$8,103.75** pursuant to 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that, upon payment of the Section 406(b) fee, Plaintiff's counsel shall promptly refund to Plaintiff the attorney's fees previously awarded in this matter pursuant to the EAJA, in the amount of **$4,143.52**.

**IT IS SO ORDERED.**

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**